[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON APPORTIONMENT DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT
The plaintiffs, Kimberly Mayfield and her son Malcolm Mayfield, brought this action by way of a complaint dated August 9, 1996, with a return date of September 3, 1996, against Aldo Colagiovanni ("Colagiovanni"), alleging that the minor plaintiff suffered personal injury due to his exposure to lead-based paint when he resided at 193-195 Forest Road, West Haven, Connecticut, CT Page 6315 premises alleged to be owned by Colagiovanni, from August 1, 1993 through August 31, 1994. By way of an apportionment complaint dated December 30, 1996, Colagiovanni impleaded for apportionment purposes, among others, the moving party Rose Calloway ("Calloway"). By way of a pleading dated and filed February 24, 1997, the plaintiffs adopted Colagiovanni's apportionment claims against Calloway and the others. The substance of the claims against Calloway is that the minor plaintiff was exposed to lead paint while residing at her premises.
Calloway has filed two identical motions (#142 and #143) for summary judgment as to the plaintiffs' claims and Colagiovanni's claims on two grounds: that she never received notice that her home contained lead-based paint and that the apportionment complaint was not timely brought. Calloway supports her motion with an affidavit and requests for admissions directed to the plaintiffs.[1] Colagiovanni has filed an objection to Calloway's motions claiming that there are material issues of fact regarding the condition of the paint during the plaintiffs' residency and that the apportionment complaint was brought and served in a timely manner under General Statutes § 52-293a. Colagiovanni supports his objection with the requests for admission directed to the plaintiffs, Calloway's answer to interrogatory 7 of the court approved non-standard written discovery to be directed to defendants in lead paint cases and a photocopy of an invoice.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Elliott v. Waterbury,245 Conn. 385, 391, 715 A.2d 27 (1998). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.)Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554,707 A.2d 15 (1998).
I. Timeliness
CT Page 6316
General Statutes § 52-102b(a) allows for the filing of an apportionment complaint in civil negligence actions where a nonparty is or may be liable "for a proportionate share of the plaintiff's damages," and provides that such an apportionment complaint "shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint." In this case, the return date specified in the plaintiff's original complaint was September 3, 1996 and the apportionment complaint was served on Calloway on January 3, 1997, 122 days after the return date. Calloway maintains that § 52-102b(a) should be read strictly and that the apportionment complaint was untimely.
Colagiovanni relies on General Statutes § 52-593a(a), which provides that "[e]xcept in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." In this case, the summons and apportionment complaint were delivered to the sheriff on December 31, 1996, within the 120 days provided by § 52-102b(a) and served within the 15 days prescribed by § 52-593a(a). Calloway challenges the applicability of the savings provisions of § 52-593a(a) to apportionment complaints.
"[T]he savings provisions of General Statutes § 52-593a
should be liberally construed because of the statute's remedial purpose." Martidis v. Lombard Realty, Superior Court, judicial district of Waterbury, Docket No. 142374 (July 30, 1998, Pellegrino, J.). "The legislature only excepted administrative appeals from the saving provisions of § 52-593a. Apportionment actions are not excluded." Celano v. Scasino, Superior Court, judicial district of New Haven at New Haven, Docket No. 385460 (February 11, 1997, Devlin, J.). Where "process was delivered to a sheriff within 120 days and was served by him within fifteen days of that delivery, service was timely made."Hitson v. Housing Authority, Superior Court, judicial district of New Haven at New Haven, Docket No. 329660 (December 23, 1996, Levin, J.). Accordingly, there is no basis to grant summary judgment on the claim on untimeliness.
II. Notice
CT Page 6317
Calloway maintains that there is no evidence that she ever received notice of the existence of lead paint in her home. The undisputed facts are as follows: Calloway is the owner of 104 Sheldon Terrace, New Haven, Connecticut and has been since November 1983. The plaintiff Kimberly Mayfield, Calloway's granddaughter, and the minor plaintiff Malcolm Mayfield, Kimberly's son and Calloway's great-grandson, resided with Calloway at 104 Sheldon Terrace from approximately August 5, 1992, shortly after Malcolm's birth, to October 1, 1992. The paint was in an intact condition when the minor plaintiff first resided with Calloway. Calloway was responsible for maintaining the property during that period. During the time the plaintiffs resided with Calloway, they did not notify her of anything with respect to the paint. The plaintiffs are not aware of any lead-based paint testing that was performed on the paint at Calloway's residence. Calloway has never been advised that the paint at 104 Sheldon Terrace contains lead.
Putting aside the issue of whether Calloway owed any duty to the plaintiffs[2], her granddaughter and great-grandson, when they resided with her for two months following Malcolm's birth, or whether, indeed, Malcolm was lead poisoned during that time, there is no evidence that there was a hazardous or defective lead condition at 104 Sheldon Terrace during or prior to the time the plaintiffs resided there or that Calloway had actual or constructive notice of such a condition during or prior to their residency. See Payne v. Candelora, 45 Conn. Sup. 191 (1998);Mayfield v. Colagiovanni, Superior Court, judicial district of New Haven, Docket No. 390493 (Jun. 8, 1998, Lager, J.); Davis v.Cloman, Superior Court, judicial district of New Haven, Docket No. 375240 (February 27, 1998, Lager, J.); Lovick v. Nigro, Superior Court, judicial district of Hartford-New Britain at Harford, Docket No. 452473 (February 21, 1997, Lager, J.).
Colagiovanni has submitted Calloway's answer to interrogatory 7 and a copy of an invoice and maintains they raise a genuine issue of material fact regarding constructive notice. The interrogatory response states that certain improvements were made at the premises, specifically that the interior was painted in November and December 1983, new windows were installed beginning in 1984 though approximately 1991, electrical work was done, and ceiling fans were installed in the 1980s. The invoice indicates payment in full, on two dates in February 1993, for the installation of vinyl siding and aluminum trim at doors and CT Page 6318 windows, soffit and facia on the front of the house, and insulation. The fact that certain home improvements were undertaken well before the minor plaintiff resided in Calloway's home and that certain work was paid for in February 1993, months after the minor plaintiff left Calloway's home does not raise a genuine issue that Calloway knew or should have known of the existence of a hazardous or defective lead condition in August 1992. See Diaz v. Shelat, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 467395 (April 29, 1998, Lager, J.). The undisputed facts are that the paint was in an intact condition when the minor plaintiff first resided with Calloway and Calloway had no knowledge that the paint at 104 Sheldon Terrace contains lead. Colagiovanni has conceded that in the absence of genuine issue of material fact, he cannot distinguish this case from the court's prior ruling in this case granting summary judgment in favor of the apportionment defendant DJM, Inc. Mayfield v. Colagiovanni, Superior Court, judicial district of New Haven, Docket No. 390493 (Jun. 8, 1998, Lager, J.). Accordingly, summary judgment should enter in Calloway's favor.
III. Conclusion
Calloway's Motion for Summary Judgment Directed to the Plaintiff's Complaint (#142) and Calloway's Motion for Summary Judgment Directed to the Apportionment Complaint (#143) are granted. Judgment shall enter in favor of the defendant Rose Calloway on the plaintiff's complaint and in favor of the apportionment defendant Rose Calloway on the apportionment complaint.
LINDA K. LAGER, JUDGE